## IN THE COURT OF APPEALS OF IOWA

No. 19-2055
Filed August 18, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DOMINIC J. MAJOR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

        Dominic Major appeals from his guilty plea.  **APPEAL DISMISSED.**

        Nate Nieman, Rock Island, Illinois, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

        Considered by Greer, P.J., and Doyle and Gamble, S.J.J.*

        *Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GAMBLE, Senior Judge.**

Dominic Major appeals after pleading guilty as a habitual offender to theft in the second degree and burglary in the third degree.  Major does not challenge his guilty plea.  Rather, he argues the sentencing order requiring him to submit a DNA sample, as required by Iowa Code section 81.2 (2019), is unconstitutional as applied to repeat felony offenders such as himself.  We affirm.

As a preliminary issue, we must consider whether Major has established good cause to appeal following his guilty plea because the court entered judgment and sentence after July 1, 2019.  *See* Iowa Code §814.6(1)(a)(3) (Supp. 2019); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020) ("Damme bears the burden of establishing good cause to pursue an appeal of her conviction based on a guilty plea.").  In *Damme*, the supreme court "conclude[ed] that 'good cause' means a 'legally sufficient reason.'"  944 N.W.2d at 100.  And *Damme* held "the good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain."  *Id.*

Here, Major cannot establish good cause because the court was required to order DNA sampling under section 81.2(1).  *See State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) ("We held that a defendant who is not challenging her guilty plea or conviction has good cause to appeal an alleged sentencing error when the sentence was neither mandatory nor agreed to in the plea bargain.").  Iowa Code section 81.2(1) provides, "A person who receives a deferred judgment for a felony or against whom a judgment or conviction for a felony or aggravated misdemeanor has been entered shall be required to submit a DNA sample for DNA profiling pursuant to section 81.4."  "When the term 'shall' appears in a statute, it

generally connotes the imposition of a mandatory duty. Moreover, rules of statutory construction set forth in the Iowa Code specify that in statutes enacted after July 1, 1971, the word "shall" imposes a duty unless otherwise specified by the legislature." *Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 771 (Iowa 2016) (citations omitted); *see* Iowa Code § 4.1(30)(a). The legislature did not specify otherwise in section 81.2(1). Thus, the DNA sample was mandatory. Therefore, we conclude Major does not have good cause to appeal this mandatory sentencing term.[1] *See Damme*, 944 N.W.2d at 105; *Riley*, 2021 WL 1662419, at *2.

We do not reach the merits of Major's claim and dismiss his appeal.

**APPEAL DISMISSED.**

---

[1] Major does not contest the mandatory nature of this sentencing term. Rather, he asserts the requirement of a DNA sample for repeat felony offenders violates due process. But the purpose of section 814.6 is to "'curtail frivolous appeals' by enforcing the finality of guilty pleas." *Thompson*, 951 N.W.2d at 4 (citing *Damme*, 944 N.W.2d at 104). We note Major did not object to the imposition of DNA sampling during the guilty plea proceedings, did not file a motion in arrest of judgment, and did not raise the issue at sentencing. So even if we could find good cause, we would not address Major's constitutional claim on direct appeal because he failed to preserve his claim for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Major also asks us to adopt plain error to work around error preservation. But our supreme court has repeatedly declined to adopt plain error, so we are not able to adopt it ourselves. *See, e.g.*, *State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016); *State v. Greenway*, No. 19-1541, 2021 WL 3392787, at *1 n.1 (Iowa Ct. App. Aug. 4, 2021). Moreover, Major may still raise his claims in a postconviction-relief action. *See* Iowa Code § 814.7. So his ability to seek relief is not foreclosed by the good cause requirement of section 814.6.